In re LEWIS.

(District Court, D. Delaware.   April 5, 1904.)

No. 95.

1. BANKRUPTCY—INVOLUNTARY PETITION—DISMISSAL.

> An involuntary petition in bankruptcy, in due form, by three creditors, will not be dismissed on the application of two of them, against the objection of the third, on the ground merely that the two "desire and consent that said petition and proceedings be dismissed."

(Syllabus by the Court.)

In Bankruptcy.

Robert H. Vandyke, for petitioners.
C. L. Ward, for Champion Mfg. Co., one of original petitioners.

BRADFORD, District Judge.   An involuntary petition in bankruptcy, containing the proper averments and in due form, was filed March 26, 1904, by the Supplee Hardware Company, Samuel M. Mallalieu and the Champion Manufacturing Company against Louisa S. Lewis.   On the same day a receiver of the estate of the alleged bankrupt was appointed, who has since qualified, and entered into possession thereof.   Process issued pursuant to the prayer of the petition and was served March 28th.   Two of the three petitioning creditors, namely, the Supplee Hardware Company and Mallalieu, have this day filed a petition praying that the petition in involuntary bankruptcy in which they joined, and the proceedings thereon, "be dismissed, and that notice be given to the creditors as provided by the bankruptcy law."   On the presentation of this petition in open court the Champion Manufacturing Company, the remaining original petitioner, through its counsel, objected to the granting of the prayer thereof, and insisted that the case in bankruptcy should not be arrested.   There are several independent objections fatal to the granting of the prayer of the petition for dismissal.   It is unnecessary, however, to consider in this opinion more than one.   The petition wholly fails to state any ground justifying a dismissal as prayed. The sole reason assigned is "that your petitioners desire and consent that said petition and proceedings be dismissed."   Such a reason is palpably insufficient, even were there no other objections to the granting of the prayer for dismissal.   The petition does not show how a dismissal could inure to the general benefit of the creditors, nor, indeed, does it aver that it would be of such benefit.   To dismiss the proceedings in bankruptcy on the ground alleged would establish a harmful precedent.   In the language employed in another connection by Judge Blodgett in the case of In re Heffron, Fed. Cas. No. 6,321, decided under the bankruptcy act of 1867, "It would lead to underhand and secret negotiations between the debtor and a portion of the creditors, and be a strong incentive for showing favors to a few creditors at the expense of the many."   Therefore, if it be assumed that the petition for dismissal has not been prematurely presented, no list of creditors having been filed in the case, and if it be further assumed that the court could properly order a dismissal of the proceed-

ings in bankruptcy on the application of two of the original petitioners against the protest of the third, and if it be further assumed that the prayer for dismissal sufficiently discloses an existing pecuniary interest on the part of the Supplee Hardware Company and Mallalieu, or either of them, in the subject to which it relates, the court would still be obliged to deny the present application.